1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY XAVIER HOUSTON,

Plaintiff,

v.

MONTEREY COUNTY JAIL, et al.,

Defendants.

Case No. 21-cv-05200-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at North Kern State Prison ("NKSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against prison officials at Monterey County Jail.[1]  His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.  Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

---

[1] The Clerk shall terminate Monterey County Jail as a defendant.  In naming the defendants, Plaintiff referenced Monterey County Jail to identify the defendants' place of business.  Plaintiff does not appear to have intended to name the Monterey County Jail as a defendant.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

Plaintiff has brought suit against Monterey County Jail sheriffs Jimenez, Ortiz, and Jarden.[2]  The complaint makes the following allegations.  From January 8-11,[3] Plaintiff was in quarantine.  During that time, defendant Jimenez twice threatened to go into Plaintiff's cell and "kick his ass."  On or about February 20th, defendant Jarden told Plaintiff, "You don't want me to come into that cell while in H-104 D.C. Pod."  Defendant Jimenez stated, "I'm going to tell all the inmates on this tier your name so they make sure and kick your ass."  Plaintiff was given "improper" medical attention; Plaintiff was not provided warm garments during winter, causing him to fall sick; and "living conditions not fundamental that caused injury."  Dkt. No. 1 at 3.

---

[2] Plaintiff has filed another case in this court regarding events at Monterey County Jail.  *See* C No. 21-5034 NC, *Houston v. Monterey County Jail* ("*Houston I*").  While *Houston I* is a habeas case, the Court cautions Plaintiff that duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.  An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is also subject to dismissal as duplicative.  *Bailey*, 846 F.2d at 1021.
[3] The Court presumes that the events alleged took place in 2021, but the complaint does not specify the year.

United States District Court
Northern District of California

1   The complaint fails to state a cognizable claim for relief under 42 U.S.C. § 1983.

2   First, the threats allegedly made by defendants Jimenez and Jarden do not rise to the level

3   of a Section 1983 violation.  Allegations of verbal harassment and abuse fail to state a claim

4   cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)

5   *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008);

6   *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v.*

7   *Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996),

8   *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard

9   not enough to implicate 8th Amendment).  The claims arising out of defendants Jimenez and

10  Jarden's alleged threats are therefore DISMISSED with prejudice.

11  Second, Plaintiff has made no allegations against defendant Ortiz.

12  Finally, Plaintiff's vague and conclusory allegations of inadequate medical care and poor

13  living conditions are insufficient to state Section 1983 claims.  These allegations fail to identify

14  who committed the alleged constitutional violations and what action (or inaction) allegedly

15  violated the federal Constitution.  The complaint will be DISMISSED with leave to amend

16  because it appears that Plaintiff may be able to correct the identified deficiencies.  *See Lopez v.*

17  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th

18  Cir. 2003).

19  In preparing an amended complaint, Plaintiff should identify the constitutional violation,

20  name the person(s) who committed the violation, describe what this (these) person(s) did or did

21  not do that constituted a violation of his constitutional right(s), and state where and when the

22  constitutional violation occurred.  To further assist Plaintiff in preparing an amended complaint,

23  the Court reviews the following legal principles.

24  The Eighth Amendment requires prison officials to provide all prisoners with the basic

25  necessities of life such as food, clothing, shelter, sanitation, and medical care.  *See Farmer v.*

26  *Brennan*, 511 U.S. 825, 832 (1994).[4]

27

28  ---
    [4] If Plaintiff was a pretrial detainee at the time of the relevant events, his claims would be
    governed by the Fourteenth Amendment, not the Eighth Amendment. *See Bell v. Wolfish*, 441

3

United States District Court
Northern District of California

1       Deliberate indifference to an inmate's serious medical needs violates the Eighth

2   Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's

3   serious medical needs violates Eighth Amendment's proscription against cruel and unusual

4   punishment).  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other*

5   *grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

6   determination of "deliberate indifference" in the medical needs context involves an examination of

7   two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

8   response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical need exists if the

9   failure to treat a prisoner's condition could result in further significant injury or the "unnecessary

10  and wanton infliction of pain."  *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).  The

11  existence of an injury that a reasonable doctor or patient would find important and worthy of

12  comment or treatment; the presence of a medical condition that significantly affects an

13  individual's daily activities; or the existence of chronic and substantial pain are examples of

14  indications that a prisoner has a serious need for medical treatment.  *Id.* at 1059-60 (citing *Wood v.*

15  *Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).  A prison official is deliberately indifferent

16  if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by

17  failing to take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837.  The prison official must not

18  only "be aware of facts from which the inference could be drawn that a substantial risk of serious

19  harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been

20  aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter

21  how severe the risk.  *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

22      With respect to a claim that living conditions were unconstitutional, a prison official

23  violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must

24

25  U.S. 520, 535 n.16 (1979) (when pretrial detainee challenges conditions of confinement, proper

26  inquiry is whether conditions amount to punishment in violation of Due Process Clause of
    Fourteenth Amendment) ("the State does not acquire the power to punish with which the Eighth

27  Amendment is concerned until after it has secured a formal adjudication of guilt in accordance
    with due process of law.  Where the State seeks to impose punishment without such an

28  adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.")
    (internal quotation marks and citation omitted).

be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). In prison-conditions cases, the necessary state of mind to establish an Eighth Amendment violation is one of "deliberate indifference." *See Wilson*, 501 U.S. at 302-03. Neither negligence nor gross negligence constitutes deliberate indifference. *Farmer*, 511 U.S. at 835-37 & n.4; *see also Estelle*, 429 U.S. at 106 (deliberate indifference requires more than negligence). A prison official can be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement only if the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567-68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.     The Clerk shall terminate Monterey County Jail as a defendant.

2.     The claims arising out of defendants Jimenez and Jarden's alleged threats are DISMISSED with prejudice.

3.     The complaint is dismissed with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-5200 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in

United States District Court
Northern District of California

order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  9/2/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

6